

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

Mr. T. M. Trimble
First Assistant
State Superintendent
Austin, Texas

Dear Sir:

Opinion No. O-1324
Re: Finality of finding of "un-
usual or extraordinary con-
ditions" by State Department
of Education.

We are in receipt of your letter of August 31, 1939,
in which the following question, concerning the Equalization
Law of the 45th Legislature, is submitted for our opinion:

"Does the State Auditor have discretion
in the matter of determining an unusual con-
dition or is that to be determined by the
State Superintendent and approved by the
State Board of Education?"

Sections 4 and 21 of S. B. 349, ch. 475, Acts 45th
Legislature, p. 1271, Regular Session, as amended by H. B. 133,
ch. 60, (2d) C. S., 45th Legislature, p. 1972, read as follows:

"Section 4. Teacher-Pupil Load. State
aid under provisions of this Act shall be
allotted upon the basis of one teacher for
any number of scholastics from twenty (20)
to thirty-five (35) and one additional
teacher for each additional thirty (30)
scholastics, or fractional part thereof,
residing in the district. It is expressly pro-
vided that in the event pupils are transferred
into the district the excess fractional part
thereof shall not be less than two (2) scho-
lastics. The basis for calculation shall be
the net scholastic enumeration of white or
colored race, as the case may be, including
the transfers into the district, and

excluding the transfers out of the district
for the current year and there shall be de-
ducted all scholastics who have completed
the course of study in their home school,
as authorized by the County Board of Trustees,
provided that where unusual or extraordinary
conditions cause an actual increase in enroll-
ment, an adjustment as to the number of teachers
may be made by the State Superintendent with the
approval of the State Board of Education not to
exceed the teacher-pupil load provided herein;
provided further that under no conditions
shall aid be granted any district in ex-
cess of the number of teachers actually
contracted for and employed.

"Section 21. The State Auditor's
office is hereby directed to audit all
applications for aid after same have been
passed on by the Director of Equalization
and when such application has been approved
by said director, it shall then be the duty
of the State Auditor to approve, modify or
reject such application before same is
presented to the State Board of Education
by the Director of Equalization."

A careful reading of the act as a whole discloses
that the primary burden of administering the act is placed upon
the State Department of Education and in particular upon the
State Superintendent, Director of Equalization and State Board
of Education. The duty of the State Auditor's office is to
audit all applications after they have been approved by the
Director of Equalization. The term "audit" in its ordinary
sense means to examine, check or verify accounts. When the
Auditor is directed by this act to "audit" the applications,
does it mean that the entire administration of the act is to be
placed under his control or that he is given an unrestriced
veto power over discretionary findings made by the State Super-
intendent and State Board of Education? We do not think the
authority to approve, modify or reject applications was intended
to go to such extent.

Under Section 4, adjustment as to the number of tea-
chers may be made by the State Superintendent with the approval
of the State Board of Education "where unusual or extraordinary
conditions cause an actual increase in enrollment." Whether
given circumstances constitute "unusual or extraordinary condi-
tions" sufficient to justify an adjustment in the number of

teachers in a school is highly discretionary and is vested in
a body familiar with the problems confronted in conduction an
efficient system of schools. When this discretion has been
exercised and the finding made we do not thing it was contem-
plated that the Auditor should be authorized to set it aside
and sibstitute therefor his own discretion and a different
finding.

It is our opinion that the State Auditor's office
does not have discretion in the matter of determining an un-
usual condition under the Qualization Law of the 45th Legis-
lature, but such discretion is vested in the State Superintendent
and State Board of Education.

Yours very truly

ATTORNEY GENERAL OF TEXAS

by

Cidl C. Cammack
Assistant

CCC:RA:ba